UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EVEDARDO ANTONIO MENENDEZ,

     *Petitioner*,

v.

                                    Case No. 3:26-cv-1086-JEP-SJH

WARDEN, BAKER CORRECTIONAL
INSTITUTE, et al.,

     *Respondents*.

_____/

## **ORDER**

Through counsel, Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, an order directing Respondents to release him or alternatively, to provide him with a bond hearing pursuant to 28 U.S.C. § 1226(a). (*See* Doc. 1 at 11). Petitioner alleges that he is a citizen of El Salvador and Honduras who has lived in the United States for almost thirty years. (*Id.* at 1, 4). On July 6, 2025, ICE took Petitioner into custody. (*Id.* at 1, 5). The Federal Respondents expressly recognize that *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026) "controls the outcome of this matter." (Doc. 4 at 5). Additionally, they maintain that, because "the Court may resolve the petition

on the statutory question, it need not proceed to evaluate any other claims raised in the Petition." (*Id.*). Additionally, Petitioner filed an emergency motion advising the Court of his transfer from Baker Correctional Institute in Sanderson, Florida, to a detention facility in California and requesting either immediate release from custody or an emergency bond hearing. (Doc. 6 at 1, 8).

As a preliminary matter, **t**his Court retains jurisdiction, despite Petitioner's transfer, because Petitioner was detained within the Middle District of Florida when he initiated this action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); *see, e.g.*, *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). However, Petitioner misunderstands the Court's Order to Show Cause. In the Order, the Court directs the Federal Respondents to file a notice "[i]f Petitioner is removed from the United States or otherwise released from custody." (Doc. 3 at 2). Here, the Federal Respondents have

taken neither action. (*See generally* Doc. 6). Instead, they have transferred Petitioner from a detention facility in Florida to one in California. (*Id.* at 1). Because Petitioner remained in the Federal Respondents' custody throughout the transfer, they were not required to notify the Court. (*See* Doc. 6 at 2).

With respect to the substantive issue, this Court previously addressed claims and arguments similar to those raised in this case, concluding that the Court has jurisdiction, but the relevant statutory language and context support the Federal Respondents' position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't of Removal Operations*, 817 F. Supp. 3d 1260 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-cv-1617-JEP-PDB, 2026 WL 958794 (M.D. Fla. Mar. 27, 2026). However, on May 6, 2026, the Eleventh Circuit Court of Appeals took the opposite approach on the substantive issue under the Immigration and Nationality Act ("INA"), concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 175 F.4th at 1276.[1]

---

[1] Although the mandate has not yet issued, the Eleventh Circuit's published opinion has immediate precedential effect. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding

As mentioned above, the Federal Respondents concede that this Court is bound by the Eleventh Circuit's decision in this case. (Doc. 4 at 1, 4–5).

Therefore, it is **ORDERED**:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED** as to Petitioner's claim that his detention without an individualized bond hearing violates the INA.[2] Within **seven days** of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The emergency motion for immediate release (Doc. 6) is **DENIED**.

3. The Clerk is **DIRECTED** to enter judgment granting the petition, terminate any pending motions as moot, and close this case.

---

authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on Petitioner's claim under the INA, the Court need not address Petitioner's other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

5

**DONE AND ORDERED** in Jacksonville, Florida, on July 12, 2026.

_____

JORDAN E. PRATT

UNITED STATES DISTRICT JUDGE

c:

Counsel of Record